IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARIUS HICKS, #160 314, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:18-CV-615-ECM |
| | ) | [WO] |
| COI MASSEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff, a state inmate incarcerated at the Elmore Correctional Facility, filed this 42 U.S.C. § 1983 complaint on June 28, 2018. After reviewing the complaint and finding deficiencies with this pleading, the court determined that Plaintiff should be provided an opportunity to file an amended complaint to correct the issues. On September 17, 2018, the court entered a detailed order explaining the deficiencies in the complaint and providing Plaintiff with specific instructions regarding filing an amended complaint. Doc. 7. The court specifically advised Plaintiff that "this case will proceed only against the defendants named and claims presented in the amended complaint" and cautioned him that his failure to comply with the order would result in a recommendation this case be dismissed. *Id.* at 3.

The time allowed Plaintiff to file the amended complaint expired on October 1, 2018. As of the present date, Plaintiff has failed to file an amended complaint as required by this court. Because of Plaintiff's failure to file an amended complaint, the court concludes this case should be dismissed. *Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply);

*see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the order of the court and to prosecute this action.

It is ORDERED that **on or before November 5, 2018**, Plaintiff may file any objection to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 22nd day of October, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge